# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20524
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 17, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

JUAN ALBERTO CANTU-SIGUERO,

Defendant−Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:19-CR-78-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Juan Cantu-Siguero appeals his conviction of illegal reentry after

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20524

deportation in violation of 8 U.S.C. § 1326(a) and (b)(1). Cantu-Siguero entered a conditional guilty plea, reserving his right to appeal the denial of his motion to dismiss.

Cantu-Siguero contends that the district court erred in denying his motion to dismiss the indictment. He contends that his original removal order was void because the immigration judge lacked jurisdiction to issue it, given that it followed a defective notice to appear that failed to specify a date and time for the removal hearing. In the alternative, Cantu-Siguero contends that he either satisfies or is excused from the 8 U.S.C. § 1326(d) requirements to attack his removal proceeding collaterally.

Cantu-Siguero acknowledges that his contentions are foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir.), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588), and *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir.), *petition for cert. filed* (U.S. Dec. 16, 2019) (No. 19-779). He explains that he has raised them on appeal to preserve further review. The government has filed an unopposed motion for summary affirmance, agreeing that the points are foreclosed under *Pedroza-Rocha* and *Pierre-Paul*. In the alternative, the government requests an extension of time to file its brief.

Summary disposition is proper where, *inter alia*, the position of one party is "clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Because Cantu-Siguero's arguments are foreclosed by this court's precedent, there is no substantial question as to the outcome. *See id.* Accordingly, the motion for summary affirmance is GRANTED, the alternative motion for an extension is DENIED as unnecessary, and the judgment is AFFIRMED.

2